**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

EMMANUEL I. OKOLO,

   Petitioner,

   v.

UNITED STATES OF AMERICA,

   Respondent.

Civil Action No. TDC-15-1434
Criminal Action No. 86-0334

**MEMORANDUM OPINION**

On May 14, 2015, Petitioner Emmanuel I. Okolo ("Okolo") filed a letter with this Court requesting that his 1986 conviction for conspiracy to defraud the United States Immigration and Naturalization Service by arranging fraudulent marriages, in violation of 18 U.S.C. § 371, be expunged. Mot. Expunge, ECF No. 1. For the reasons outlined below, that request is DENIED and this case DISMISSED.

**DISCUSSION**

On October 2, 1986, Okolo pled guilty to one count of the indictment, and on November 20, 1986, he was sentenced to two years of imprisonment. *See* Mot. Expunge; *United States v. Okolo*, No. 86-cr-0334 (D. Md. Oct. 1, 1986). Okolo now asks this Court to expunge that conviction, stating: "I paid my dues to the society," and, "Since then I have remained a good citizen of the United States of America." Mot. Expunge.

There is no federal statute or regulation that gives district courts general authority to expunge convictions. There are a handful of federal statutes that give district courts specific authority to expunge convictions, but those statutes apply only in very narrow circumstances, none of which are present here. *See* 5 U.S.C. § 552a(d)(2) (2012) (allowing amendment of

inaccurate public records); 18 U.S.C. § 3607(c) (allowing expungement of certain federal drug-possession offenses).

In the absence of an authorizing statute, a federal court has a limited equitable power to expunge convictions, and that power can be used only in "exceptional circumstances." *Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984); *see also United States v. Noonan*, 906 F.2d 952, 956-57 (3rd Cir. 1990) (explaining that "a federal court has the inherent power to expunge an arrest and conviction record," but that "granting such relief is confined to extreme circumstances"). Thus, courts have found that expungement of a conviction is appropriate only if "necessary to preserve basic legal rights," *Shipp v. Todd,* 568 F.2d 133, 143 (9th Cir. 1978) (quoting *United States v. McMains*, 540 F.2d 387, 389 (8th Cir. 1976)), such as when the conviction was obtained unconstitutionally or as a result of government misconduct, or when the record is simply inaccurate. *See Allen*, 742 F.2d at 154 (finding expungement inappropriate because the statute under which the defendant was tried was constitutional and there was no evidence of "irregularity" in the proceedings); *United States v. Scott,* 793 F.2d 117, 118 (5th Cir. 1986) (holding that a district court cannot expunge a conviction when "the validity of the original conviction is unquestioned"); *United States v. Gary,* 206 F. Supp. 2d 741, 741 (D. Md. 2002) (explaining that the court's power to expunge was "limited to [instances of] an *unlawful* arrest or conviction, or to correct a clerical error") (emphasis in original).

In this case, Okolo makes no showing that his conviction was obtained unconstitutionally or as a result of government misconduct, or that the record is merely a clerical error. Instead, he asks this Court to expunge his conviction based on his assertion that the incident occurred long ago and he has become a model citizen since then. However, Okolo pled guilty to the crime, and

his conviction is therefore valid. Thus, there are no exceptional circumstances to provide an appropriate basis for this Court to expunge Okolo's conviction.

## CONCLUSION

For the reasons stated above, the Motion to Expunge is DENIED, and this case is DISMISSED.

Date: June 22, 2015                                     /s/
                                              THEODORE D. CHUANG
                                              United States District Judge